VANLINES.COM LLC, National Mortgage Inc., and Sharon Asher, Plaintiffs,

v.

NET–MARKETING GROUP INC., and Alice Lulka, Defendant.

No. 06 CIV 5577(VM).

United States District Court, S.D. New York.

May 7, 2007.

Oren Heiman, Shiboleth, Yisraeli, Roberts & Zisman, LLP, New York, NY for plaintiffs.

Richard Charles Ebeling, Richard C. Ebeling, P.C., Putnam Valley, NY, for defendants.

## DECISION AND ORDER

MARRERO, District Judge.

Vanlines.com LLC ("Vanlines"), National Mortgage Inc. ("NMI"), and Sharon Asher ("Asher") brought this action against Net–Marketing Group Inc. and Alice Lulka (collectively, "NMGI") claiming copyright infringement, trade dress infringement, misappropriation of trade secrets, violations of New York state business law, breach of fiduciary duties, breach of contract, and libel. Vanlines moves for a preliminary injunction barring NMGI from operating its website or, in the alternative, modifying it by removing all content that Vanlines alleges infringes its copyrights and trade dress. For the rea-

sons stated below, Vanlines's motion is DENIED.

## I. BACKGROUND [1]

Vanlines owns and operates a website, www.vanlines.com (the "Vanlines Website"), that offers information regarding moving and relocation services to individuals and businesses. Defendant Alice Lulka ("Lulka") was an employee of Vanlines from July, 2003 until her termination in April, 2005. After leaving Vanlines, Lulka started her own business, NMGI, and created a website, www.quotesathome.com (the "NMGI Website"), which is also devoted to providing information about moving-related services. Vanlines alleges that the NMGI Website misappropriates text, content, display, and the overall "total concept and feel" of the Vanlines Website. This allegation forms the basis of its motion for a preliminary injunction on claims of copyright and trade dress infringement. Lulka denies that the NMGI Website copies the content or design of the Vanlines Website. She claims that the text on the NMGI Website is original, and that any similarity to the design of the Vanlines Website simply reflects that fact that the same basic information can be found on many websites devoted to educating consumers about the process of moving.

## II. DISCUSSION

### A. LEGAL STANDARD

■ Injunctive relief requires a showing of "(a) irreparable harm and (b) either (1)

---

**1.** The factual summary that follows derives primarily from the Complaint, Answer, Memorandum of Law in Support of Plaintiff Vanlines.com LLC's Motion for Preliminary Injunction ("Pl.Mem."), dated September 13, 2006; Declaration of Sharon Asher ("Asher Decl."), dated July 17, 2006, and exhibits attached thereto; Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction ("Def.Opp.Mem."), dated November 7, 2006; Declaration of Alice

Lulka ("Lulka Decl."), dated November 7, 2006; Reply Memorandum of Law in Further Support of Plaintiff Vanlines.com LLC's Motion for Preliminary Injunction ("Pl. Reply Mem."), dated November 17, 2006; Declaration of Sharon Asher ("Asher Reply Decl."), dated November 17, 2006; and Declaration of Gregory Hebner, ("Hebner Decl."), dated November 17, 2006. Except where specifically referenced, no further citation to these sources will be made.

likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (citation omitted) (emphasis in original).

## B. LIKELIHOOD OF SUCCESS ON THE MERITS

### 1. Copyright Claim

■ To succeed on the merits of its copyright infringement claim, Vanlines must establish: (1) ownership in a valid copyright; and (2) that NMGI engaged in unauthorized copying of the protected work. *See Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985).

The issuance of a certificate of registration for a copyright is prima facie evidence of the validity of the copyright. *See id. (citing* 17 U.S.C. § 410(c)). Vanlines possesses a copyright registration for its website, and is thus entitled to the presumption that its copyright is valid. (*See* Certificate of Registration, attached as Ex. A to Asher Decl.)

As stated by the Second Circuit, to establish infringement, "the copyright owner must demonstrate that '(1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Yurman Design, Inc. v. PAJ Inc.*, 262 F.3d 101, 110 (2d Cir.2001) (*quoting Hamil America, Inc. v.*

*GFI*, 193 F.3d 92, 99 (2d Cir.1999)) (emphasis in original).

■ Vanlines has not demonstrated, to a degree sufficient to support a finding by the Court of a likelihood of success on the merits, that either of these elements has been met in this case. To establish that NMGI actually copied the Vanlines Website, Vanlines relies on circumstantial evidence, specifically, a side-by-side comparison of printouts of a number of webpages from the two websites. (*See* Comparison of Websites, attached as Ex. C to Asher Decl.) However, having thoroughly examined these comparisons, the Court does not find sufficient evidence supporting a reasonable inference that the NMGI Website was in fact copied from the Vanlines Website. Much of the information displayed on both websites appears to be of a general nature and of the type that one would expect to find on any website dealing with the topics of moving and moving-related services. Furthermore, the actual language of the NMGI Website is not identical or substantially similar to that of the Vanlines Website.

■ Even if Vanlines had established that NMGI actually copied any aspects of the Vanlines Website, Vanlines would still not meet the required second element of "substantial similarity." *See Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 141 (2d Cir.1992) ("The test for unlawful appropriation to prove infringement of another's copyright asks whether substantial similarity as to protectible material exists between the works at issue."). In the Second Circuit, "[t]he test for substantial similarity is most concretely stated as whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Williams v. Crichton*, 860 F.Supp. 158, 165 (S.D.N.Y.1994) (*citing Smith v. Wein-*

*stein,* 578 F.Supp. 1297, 1302 (S.D.N.Y. 1984)) (internal quotations omitted). The Court does not find, on the basis of the evidence that Vanlines has presented, that an "average lay observer" would recognize the NMGI Website as having been appropriated from the Vanlines Website. Accordingly, the Court finds that Vanlines has not met its burden of showing a likelihood of success on the merits of its copyright infringement claim.

### 2. *Trade Dress Claim*

██ To succeed on the merits of its trade dress infringement claim, Vanlines "must demonstrate that (1) its trade dress is distinctive and (2) there exists a likelihood of confusion between its product and the alleged infringer's product." *Forschner Group, Inc. v. Arrow Trading Co.,* 124 F.3d 402, 407 (2d Cir.1997).

██ The first element may be satisfied by a showing that the trade dress at issue is either inherently distinctive or has acquired secondary meaning. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) (holding that proof of secondary meaning is not required where the trade dress at issue is inherently distinctive); *Nora Beverages, Inc. v. Perrier Group of America, Inc.,* 269 F.3d 114, 118 (2d Cir.2001). For the trade dress of a product to be deemed "inherently distinctive," it must "serve[ ] primarily as an indication of origin, such that consumers will readily rely on it to distinguish the product from those of competing manufacturers." *Forschner Group,* 124 F.3d at 407–08. To establish "secondary meaning," on the other hand, "a manufacturer must show that, in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product itself." *Inwood Labs., Inc. v. Ives*

*Labs., Inc.,* 456 U.S. 844, 851 n. 11, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982).

The second element, likelihood of confusion, is determined in the Second Circuit by the multi-factor test set forth in *Polaroid Corp. v. Polarad Elecs. Corp.,* which includes examination of:

> the strength of [the prior owner's] mark, the degree of similarity between the two marks, the proximity of the products, the likelihood that the prior owner will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers.

287 F.2d 492, 495 (2d Cir.1961). The Second Circuit has emphasized, however, that "[t]he *Polaroid* analysis is not a mechanical measurement," and that "[w]hen conducting a *Polaroid* analysis, a court should focus on the ultimate question of whether consumers are likely to be confused." *Nora Beverages,* 269 F.3d at 119 (*citing Paddington Corp. v. Attiki Imps. & Distrib., Inc.,* 996 F.2d 577, 584 (2d Cir.1993) and *Bristol–Myers Squibb Co. v. McNeil–P.P.C., Inc.,* 973 F.2d 1033, 1042 (2d Cir. 1992)) (internal quotations omitted).

Vanlines fails to demonstrate a likelihood of success on the merits with respect to either of these elements. It asserts in a conclusory manner that the trade dress contained on the Vanlines Website is inherently distinctive and that it has acquired secondary meaning in minds of the public. Vanlines has not presented sufficient evidence in support of either of these assertions. Similarly, with regard to likelihood of confusion, Vanlines has not adequately demonstrated that the *Polaroid* factors support a finding in its favor.

### B. *BALANCE OF HARDSHIPS*

██ Even if the Court were to find that Vanlines has demonstrated "sufficiently

serious questions going to the merits to make them a fair ground for litigation," the Court does not find that the balance of hardships tips decidedly in favor of Vanlines. Were the Court to order NMGI to shut down its website pending a full hearing on the merits of Vanlines's claims, NMGI would surely be harmed to a much greater extent than Vanlines would be if the Court were to deny such injunctive relief.

## C. *IRREPARABLE HARM*

 Irreparable harm may be presumed where a plaintiff makes out a prima facie case of copyright infringement. *See Fisher–Price, Inc. v. Well–Made Toy Mfg. Corp.*, 25 F.3d 119, 124 (2d Cir.1994) ("Normally, when a copyright is infringed, irreparable harm is presumed; this is because the confusion created in the marketplace will damage the copyright holder in incalculable and incurable ways."); *Merit Diamond Corp. v. Frederick Goldman, Inc.*, 376 F.Supp.2d 517, 525 (S.D.N.Y. 2005). Vanlines argues that the presumption of irreparable harm should be applied in this case. NMGI contends that Vanlines delayed seeking a preliminary injunction, and that this delay precludes reliance on the presumption. *See Bourne Co. v. Tower Records, Inc.*, 976 F.2d 99, 101 (2d Cir.1992) (delay in enforcement of copyrights may rebut presumption of irreparable harm). Vanlines responds that any delay on its part resulted from its good faith efforts to investigate the alleged infringements. The Court notes that there does appear to have been a substantial delay in initiating the lawsuit, and that the instant motion for a preliminary injunction was not filed for nearly three months after the complaint was filed. The Court need not decide this issue, however, because of its findings against Vanlines regarding likelihood of success on the merits and the balance of hardships.

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of plaintiff Vanlines.com LLC (Docket No. 9) for preliminary injunctive relief is DENIED; and it is further

**ORDERED** that the parties are to confer and submit a case management plan within twenty (20) days of this Order.

**SO ORDERED.**